## GLESSNER v. METROPOLITAN DADE COUNTY.
No. 77-15821.
Circuit Court, Dade County.
October 3, 1977.

Eugene Spellman, Miami, for the petitioner.

R. A. Cuevas, Jr., Assistant County Attorney, for the respondent.

MILTON A. FRIEDMAN, Circuit Judge.

Petitioner was suspended for four days from his position as an alcohol test technician with the Dade County Department of Public Safety for violation of Article VIII, Section 7, Dade County Personnel Rules —

> *"Cause for dismissal, demotion or suspension:* The following are declared to be cause for dismissal, demotion or suspension of an employee without pay though charges may be based on causes other than those enumerated:
>
> &ast; &ast; &ast; &ast;
>
> "(I) That the employee has been guilty of conduct unbecoming an employee of the county whether on or off duty."

Petitioner demanded and received a personnel hearing to review his suspension. At the hearing, petitioner accepted the facts as set forth in the department's letter of suspension. His sole basis for appeal was that the above personnel rule under which he was suspended was unconstitutionally vague. The hearing examiner found the facts as set forth in the suspension letter and recommended that petitioner be suspended. Based upon this report and recommendation, the county manager upheld the petitioner's suspension.

This cause came before the court upon the petition for writ of certiorari directed to the administrative proceedings described above, and the court having considered the said petition, the record submitted, the briefs of the parties and having heard oral argument of counsel, finds and determines that the hearing examiner's report is supported by substantial, competent evidence in the record.

The court further finds and determines that the personnel hearing provided the petitioner conformed to the essential requirements of law. Accordingly, the action of the county manager in upholding the petitioner's suspension be and the same is hereby upheld.

Petitioner has challenged the constitutionality of Chapter VIII, Section 7(I) of the Dade County Personnel Rules quoted above as being unconstitutionally vague. The court finds, however, that the weight of authority in this country is against the position advocated by the petitioner. Therefore, this court finds and determines that Chapter VIII, Section 7(I) of the Dade County Personnel Rules is valid and constitutional.

It is accordingly, ordered and adjudged that — (1) The petition for writ of certiorari be and the same is hereby denied without prejudice. (2) The petitioner's suspension be and the same is hereby upheld.